Eric C. Deters 81812
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JAMIE HOLT, | : | Case No. 2:09-cv-00061-DLB |
| | : | |
| Plaintiff | : | Judge David L. Bunning |
| | : | |
| vs. | : | FIRST AMENDED COMPLAINT |
| | : | WITH JURY DEMAND |
| CITY OF COVINGTON, | : | |
| 638 Madison Avenue | : | |
| Covington, Kentucky 41011 | : | |
| | : | |
| and | : | |
| | : | |
| OFFICER JOSHUA CRAIG, | : | |
| individually | : | |
| One Police Memorial Drive | : | |
| Covington, Kentucky 41014 | : | |
| | : | |
| and | : | |
| | : | |
| OFFICER MICHAEL LUSARDI, | : | |
| individually | : | |
| One Police Memorial Drive | : | |
| Covington, Kentucky 41014 | : | |
| | : | |
| Defendants | : | |

Comes now the plaintiff, and for his complaint, state as follows:

## JURISDICTION AND VENUE

1. This action is brought to redress grievances protected by the United States Constitution, 42 U.S.C. § 1983, and state law claims under the Constitution and laws of the Commonwealth of Kentucky. This court has jurisdiction of these matters under 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

2. This court is the proper venue for this action under 28 U.S.C. § 1391.

## PARTIES

3. At all times relevant, herein, Plaintiff Jamie Holt was domiciled in and a resident and citizen of Newport, Campbell County, Kentucky.

4. At all times relevant, defendant City of Covington is a second class city in Kenton County, organized and existing under the laws of the Commonwealth of Kentucky.

5. At all times relevant herein, Defendants Officer Joshua. Craig and Officer Michael Lusardi [hereinafter *Covington Police Officers*] were employed by the Covington Police Department in Kenton County, Kentucky and acting as officers on its behalf.

6. At all times relevant to this action the City of Covington employed, controlled, or had the right to control the Covington Police Officers.  At all times throughout these Complaints, it is alleged and reincorporated, that Defendants Covington Police Officers' actions of dragging and beating the plaintiff Jamie Holt could is a continuing pattern of civil rights abuses by Covington Police officers against persons within the custody of City police officers that results from the Defendant City's deliberate conduct in failing to establish policy and custom, such failing that encourages and acquiesces in Fourth and Fourteenth Amendment rights violations.  In addition, Defendants Covington Police Officers' actions of dragging and beating the plaintiff Jamie Holt was a direct result of the deliberate indifference on the City's part in failing to adequately train, supervise and discipline police officers. The City of Covington knowingly acquiesced to a custom of using excessive force against the residents of Covington; therefore, Covington knowingly acquiesced to the use of excessive force against Jamie Holt.

7. The Covington Police Officers' action of dragging and beating the plaintiff Jamie Holt could be the direct result of the City's failure to have any policy regarding the use of excessive force,

or the City's deliberate indifference to the use of excessive force. As a result of Defendant City's failure to have any such policy, deliberate indifference and deliberate conduct as described above, the City is the 'moving force' behind Covington Police Officers' action of dragging and beating the plaintiff Jamie Holt.

8. Defendants Covington Police Officers knew or should have known that Jamie Holt was suffering from an overdose and they either were not trained properly or acted improperly under the circumstances.

9. Officer Joshua Craig and Officer Michael Lusardi acted intentionally, recklessly, callously, maliciously, and/or grossly negligent in the use of force on Jamie Holt. Specifically, Officer Joshua Craig and Officer Michael Lusardi formulated the intent to or knowingly acquiesced to causing physical harm to Jamie Holt. Officer Joshua Craig and Officer Michael Lusardiss' use of physical force was based on a desire to cause harm to Jamie Holt and not for legitimate law enforcement purposes.

## BACKGROUND FACTS

10. On or about June 20, 2008, Jamie Holt was visiting his sister in building 107 at the Cambridge Square Apartments of Covington, in Latonia, Kentucky.

11. Jamie Holt at that time was upset because he had overdosed on drugs and was having trouble breathing.

12. Sometime around 8 or 10 pm, the Covington Police Officers arrived at that location, looking for the plaintiff Jamie Holt.

13. Either Officer Joshua Craig or Officer Michael Lusardi, identified as being white, skinny, bald and about average height, asked a bystander about the whereabouts of Jamie Holt, commenting,

"I'm tired of that little punk. When I catch that little m----- f----- I'm gonna whip his a–!".

14. At that point, the same officer received a call on his radio, and ran to the back of the building.

15. Officer Joshua Craig and Officer Michael Lusardi arrested Jamie Holt, handcuffed him, and began dragging him to the police cruiser by his arms.

16. Jamie Holt asked to be permitted to walk on his own feet to the cruiser, but his requests were ignored.

17. Officer Joshua Craig and Officer Michael Lusardi threw him into the back of a police cruiser.

18. Jamie Holt was taken by the Covington Police Officers to the Campbell Regional Juvenile Detention Center [hereinafter *CRJDC*], which is operated by the Kentucky Department of Juvenile Justice.

19. When he arrived at the CRJDC, intake at the CRJDC directed that Jamie Holt be taken to St Luke East because of his overdose.

20. The Covington Police Officers, instead of taking him to St. Luke East, proceeded to beat Jamie Holt, punching him in the ribs, kicking him in the chest, causing lacerations, bruises, and broken blood vessels, including a hand print on his throat that lasted for three days.

21. The Covington Police Officers then took him to St. Elizabeth North for treatment of his overdose.

22. When Jamie Holt was returned to the CRJDC, he had the injuries described from the aforementioned beating, which were not on him when he had first arrived at the CRJDC.

## COUNT I — BATTERY
### (Covington Police Officers)

23. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

24. The Defendants intended to beat Jamie Holt.

25. The Defendants' actions were not justified and neither were they invited by the Plaintiff.

26. The Defendants' actions constitute harmful and offensive contact with the Plaintiff.

27. The Defendants' actions constitute a battery on the Plaintiff.

28. The Plaintiff suffered numerous personal injuries as a result of the Defendants' conduct.

## COUNT II — VIOLATION OF 42 U.S.C. § 1983
### (Covington Police Officers)

29. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

30. The Defendants through their actions and acting under the color of law, subjected Plaintiff, and caused Plaintiff to be subjected to the deprivations of his rights, privileges, and immunities secured by the Constitution and laws of the Commonwealth of Kentucky and of the United States of America.

31. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

## COUNT III — NEGLIGENCE
### (Covington Police Officers)

32. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

33. The Defendants failed to follow the established policies and procedures of Covington and its Police Departments.  They also failed to follow their training and education.

34. The Defendants breached their duty.  The Defendants' actions constituted a breach of their ministerial duty.

35. Plaintiff suffered numerous personal injuries as a direct and proximate result of the

Defendants' actions.

### COUNT IV — EXCESSIVE FORCE
### (Covington Police Officers)

36. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

37. Defendants collectively and individually used excessive force in the arrest or restraint of Plaintiff in violation of the United States and Kentucky Constitutions and Fourth Amendment or both.

38. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

### COUNT V — FOURTEENTH AMENDMENT DUE PROCESS
### (Covington Police Officers)

39. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

40. Defendants violated Plaintiff's rights, under both the Fourteenth Amendment of United States Constitution and the Kentucky Constitution, to due process of law and to his liberty.

41. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

### COUNT VI — VIOLATION OF 42 U.S.C. § 1983
### (City of Covington)

42. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

43. The Defendant through its actions and acting under the color of law, subjected Plaintiff, and caused Plaintiff to be subjected to the deprivations of his rights, privileges, and immunities secured by the Constitution and laws of the Commonwealth of Kentucky and of the United States of America.

44. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendants' actions.

## COUNT VII — CONSTITUTIONAL VIOLATIONS
### (City of Covington)

45. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

46. The Defendant City of Covington authorized and ratified the wrongful conduct of the Defendant police officers. Defendant's wrongful conduct was the direct result of the policies, practices and customs or the lack of policies, practices, and customs of the City of Covington.

47. Defendant failed to establish adequate policies and procedures to properly train or supervise Defendants Covington Police Officers on the appropriate use of force. The acts and omissions by the Defendant was the direct and proximate cause of Plaintiff's suffering in violation of Plaintiff's civil rights under the laws of the United States, Constitution of the United States and Constitution of the Commonwealth of Kentucky.

48. Defendant failed to properly enforce or adopt written policies designed to prevent the type of injury suffered by Plaintiff. The acts and omissions by this Defendant was the direct and proximate cause of Plaintiff's suffering in violation of Plaintiff's civil rights under the laws of the United States, Constitution of the United States and Constitution of the Commonwealth of Kentucky.

49. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendant's actions.

## COUNT VIII — FOURTEENTH AMENDMENT DUE PROCESS
### (City of Covington)

50. Plaintiff incorporates by reference each and every allegation in the paragraphs above.

51. Defendant violated Plaintiff's rights, under both the Fourteenth Amendment of the United

States Constitution and the Kentucky Constitution, to due process of law and to his liberty.

52. Plaintiff suffered numerous personal injuries as a direct and proximate result of the Defendant's actions.

## PRAYER FOR RELIEF

Where, the plaintiff respectfully requests judgment in favor of the plaintiff against the defendants on all counts for:

1. Compensatory damages;

2. Punitive damages;

3. Reasonable attorney fees;

4. Their costs and expenses;

5. Trial by jury, and

6. Any and all other relief to which they may appear entitled.

/s/ Eric C. Deters
Eric C. Deters
Kentucky Registration No. 81812
Attorney for Plaintiff
Eric C. Deters & Associates PSC
5247 Madison Pike
Independence, KY 41051-7941
859-363-1900   Fax: 859-363-1444
Email: eric@ericdeters.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the persons named below by the Court's ECF system on December 31, 2009.

/s/ Eric C. Deters
Eric C. Deters

cc:

Frank E. Warnock      fwarnock@covingtonky.gov, mdowling@covingtonky.gov
Timothy Alexander Mattingly      tmattingly@covingtonky.gov, mdowling@covingtonky.gov