UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON
CIVIL ACTION NO. 09-61-DLB-JGW

JAMIE HOLT                                                                          PLAINTIFF

v.

CITY OF COVINGTON, et al.                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Jamie Holt, has repeatedly failed to comply with orders of the Court and has repeatedly failed to appear at hearings in this matter. Thus, I *sua sponte* recommend that this case be dismissed.

In May 2009, plaintiff filed a 42 U.S.C. §1983 complaint, generally alleging that he was beaten by police officers. At the time the complaint was filed, plaintiff was represented by Eric Deters. The case appeared to progress normally until February 1, 2011, when Mr. Deters filed a motion to withdraw as plaintiff's counsel. Doc. 24. Because the motion to withdraw asserted that plaintiff was lodged in the Campbell County Jail, I issued an order for a writ of habeas corpus ad testificandum on February 18, 2011. Doc. 25. That order set a hearing on the motion to withdraw as counsel for March 7, 2011.

Subsequently, the United States Marshal's office informed the Court that plaintiff had been released from the Campbell County Jail. Thus, on February 25, 2011, I issued an order vacating the order for writ of habeas corpus ad testificandum and instead directed plaintiff to appear on March 7, 2011 for the hearing on the motion to withdraw as counsel. Doc. 26. The Clerk was directed to forward a copy of that order to plaintiff at his last known address, 1359

Grand Avenue, Apt. 414, Newport, KY 41071.

Despite having been directed to appear, plaintiff was not present on March 7, 2011. Charles Lester, an associate of Mr. Deters, appeared on plaintiff's behalf. The Court reset the hearing on the motion to withdraw for March 22, 2011 and stated that plaintiff would be required to show cause on that date why the motion to withdraw should not be granted. Doc. 27. The Court also directed counsel for plaintiff "to use their best efforts to personally inform [plaintiff] of the March 22 show cause hearing . . . ." *Id.* at p. 1. Additionally, the Clerk of Court was directed to forward a copy of the order to plaintiff at his last known address, 1359 Grand Avenue, Apt. 414, Newport, KY 41071. On March 11, 2011, the February 25, 2011 order vacating the writ and directing plaintiff to appear for the March 7 hearing was returned as undeliverable. Doc. 28. On March 15, 2011, the March 7 minute entry order directing plaintiff to appear on March 22 was returned as undeliverable. Doc. 29.

Plaintiff failed to appear for the March 22 hearing. At that hearing, Mr. Lester, who appeared for plaintiff, "informed the Court that he had personally delivered a copy of the Court's order setting the March 22 show cause hearing to plaintiff and had advised plaintiff to attend." Doc. 30, p. 2. Thus, the Court concluded that plaintiff had adequate notice of the March 22 hearing. The Court then granted the motion to withdraw and ordered that "[o]n or before April 22, 2011 plaintiff shall notify the Court of the identity of his new counsel, or in the alternative, if he intends to proceed by representing himself . . . ." *Id.* In the order memorializing the March 22 hearing, the Court also reminded plaintiff that failure to comply with orders of the Court could result in dismissal of the action. *Id.* Again, the Clerk of Court was directed to forward a copy of the order to plaintiff at the address on Grand Avenue in Newport, Kentucky. On March

2

29, 2011, the Court's March 22, 2011 order was returned as undeliverable. Doc. 31. Plaintiff has filed no response to the Court's March 22, 2011 order, nor has an attorney entered an appearance on plaintiff's behalf.

Plaintiff has failed to comply with his duty to keep the Court informed of his current address. *See, e.g., Gibbons v. Asset Acceptance Corp.*, 2006 WL 3452521 at *1 (S.D.Ohio Nov. 29, 2006) ("Pro se litigants have the same duty as counsel to notify the court of a change of address."). Additionally, plaintiff has repeatedly failed to comply with orders of the Court, as plainly evidenced by his failure to appear for two hearings and failure to respond to the Court's March 22, 2011 order. Plaintiff's failure to comply with the Court's orders and failure to keep the Court apprised of his address has resulted in an unwarranted and inexplicable delay in the resolution of this case, which was filed over two years ago.

The Court has the authority to dismiss a case when a litigant engages in a clear pattern of delay, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), or fails to comply with orders of the Court. *See, e.g., Spencer v. Doe*, 132 F.3d 107, 112 (2d Cir. 1998). Thus, although it is preferable to adjudicate cases on their merits, plaintiff's clear pattern of delay and failure to comply with orders of the Court–despite being warned about the potential adverse consequences of noncompliance–warrants dismissal of this case.

For the foregoing reasons, **IT IS RECOMMENDED**:

This case should be dismissed for failure to comply with orders of the Court and for lack of prosecution.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed.

R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

  This the 30th day of June, 2011.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge